**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SUSAN PATTEN, Personal Representative
of the Estate of John Paul Crisp, deceased,

      Plaintiff,

v.

                                    Case No. 1:26-cv-00965-MIS-KRS

LINCARE, INC., a foreign for profit
corporation doing business within the State
of New Mexico,

      Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND COMPLAINT TO STATE
COURT BECAUSE OF LACK OF JURISDICTION**

THIS MATTER is before the Court on Plaintiff's Motion to Remand Complaint to State Court Because of Lack of Jurisdiction ("Motion"), ECF No. 4, filed April 8, 2026. Defendant Lincare, Inc. filed a Response on April 22, 2026 ("Response"), ECF No. 7, to which Plaintiff filed a Reply on April 27, 2026 ("Reply"), ECF No. 9. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

**I.        Background**

According to the Complaint, ECF No. 1-2 at 6-10, Defendant is a Delaware Corporation that holds itself out "as a leading supplier of high-quality home respiratory products and services for patients . . . Our team of professional are dedicated, highly skilled specialist [sic] who understand the direct impact they have on the overall health and well-being of the patients they serve." Compl. ¶¶ 3, 5.

On January 20, 2025, around 7:00 a.m., fifty-one-year-old John Paul Crisp drove to Defendant's location in Clovis, New Mexico.[1] Id. ¶¶ 6, 15. About four hours later, Mr. Crisp told Defendant's employees and agents that he was not feeling well, "was having chest pains and needed some breath." Id. ¶¶ 7-8. "He was then checked out of work by the Defendant and allowed to go and sit in his vehicle." Id.

Defendant's agents and employees went into the parking lot and saw Mr. Crisp in the driver's seat, with the vehicle on, during their lunch breaks and when they went home that evening, but did not check Mr. Crisp's status to see if they could give him aid.[2] Id. ¶ 10. "Mr. Crisp was left in his vehicle by Defendant's agents and employees for twenty-two hours parked next to a medical transportation vehicle. He was found dead the next morning by Defendant [sic] agents and employees in the parking lot where he had been left the day before." Id. ¶ 11. The Complaint alleges that "Defendant knew that Mr. Crisp was in significant physical distress and should have given aid and/or called an ambulance[,]" but instead "went on with business as usual and allowed him to slowly, agonizingly and painfully die on Defendant's premises." Id. ¶ 14.

On February 24, 2026, Plaintiff Susan Patten, as Personal Representative of Mr. Crisp's Estate, filed a two-count Civil Complaint for Damages in New Mexico State Court. ECF No. 1-2 at 6. Count I asserts a claim for wrongful death under N.M. Stat. Ann. § 41-2-1, et seq., alleging that Mr. Crisp "died as a result of Defendant's negligent and reckless, grossly negligent, and wanton actions[,]" id. ¶ 17, and seeking compensatory and punitive damages "in an amount to be

---

[1]    It appears that Mr. Crisp was an employee of Defendant. See Notice of Removal ¶ 5, ECF No. 1.

[2]    The Complaint states that Defendant's employees saw Mr. Crisp "when they went home the evening of January 21st, 2025 . . . ." Compl. ¶ 10. However, given that he apparently went to his vehicle to rest on January 20, 2025, see id. ¶¶ 6-8, and that he was in his vehicle "for twenty-two hours" before he was found dead, id. ¶ 11, it appears that Defendant's employees must have seen him during their lunch breaks and when they went home for the evening on January 20, 2025.

determined at trial[,]" id. ¶¶ 18-19.  Count II asserts a claim for prima facie tort, alleging that "Defendant intentionally failed to act" knowing "that the failure to act would cause harm to" Mr. Crisp, and did cause harm to Mr. Crisp.  Id. ¶¶ 21-23.  The Prayer for Relief seeks "[a]n award of damages for the lost earnings, lost earnings capacity of Mr. . . . Crisp, funeral and burial expenses, pain, suffering, mental anguish, distress, emotional distress, loss of enjoyment of life and death suffered by [Mr.] Crisp in an amount to be determined at trial[,]" punitive damages "as allowed by law[,]" pre- and post-judgment interest, and "any other damages that are just and proper."  Id. at 9.

On March 30, 2026, Defendant filed a Notice of Removal, invoking this Court's diversity jurisdiction.  ECF No. 1 ¶¶ 10-14.  On April 8, 2026, Plaintiff filed the instant Motion to Remand.  ECF No. 4.  Defendant filed a Response, ECF No. 7, to which Plaintiff filed a Reply, ECF No. 9.

## II.    Legal Standard

Federal district courts "are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]"  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen, 511 U.S. at 377 (citations omitted).

When a defendant removes a case to federal court, it must file a notice of removal "containing a short and plain statement of the grounds for removal . . . ."  28 U.S.C. § 1446(a).  This case was removed pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" Dart Cherokee Basin Op. Co., LLC v. Owens, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)  Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."[3]  Id. (citing 28 U.S.C. § 1446(c)(2)(A)).  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  Id. at 87.  If the plaintiff factually attacks the amount-in-controversy allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Id. at 88; see also McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (citation omitted)).

## III.    Discussion

Initially, it is undisputed, and the Court finds, that the Parties are citizens of different states. See Notice of Removal ¶¶ 10-13 (identifying Plaintiff as a citizen of New Mexico and Defendant as a citizen of Delaware for purposes of 28 U.S.C. § 1332(c)(2)); Compl. ¶¶ 2-3 (identifying Plaintiff as a "resident and domiciliary" of New Mexico and Defendant as a Delaware corporation). Thus, the sole issue before the Court is whether the amount in controversy exceeds $75,000.

---

[3]    New Mexico's state court rules generally do not permit a complaint to allege damages in a specific monetary amount.  N.M. Dist. Ct. R. Civ. P. 1-008(a)(3).

Consistent with N.M. Dist. Ct. R. Civ. P. 1-008(a)(3), the Complaint does not allege damages in a specific monetary amount. See ECF No. 1-2 at 6-10. Defendant's Notice of Removal asserts that the amount in controversy exceeds the $75,000 jurisdictional threshold, "considering the nature and type of wrongful death and tort damages at issue, including lost earnings, lost earning capacity, pain, suffering, burial and funeral expenses, mental anguish, emotional distress, loss of enjoyment of life, interest, punitive damages, and 'other damages' that are 'just and proper.'" ECF No. 1 ¶ 22. It further asserts that under Dart, the Complaint's factual allegations alone are sufficient to satisfy the requirements of diversity jurisdiction. Id. ¶ 23.

In the Motion to Remand, Plaintiff argues that the amount in controversy must be "affirmatively established" either on the face of the complaint or the notice of removal. Mot. ¶ 4 (quoting Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), abrogated by Dart, 574 U.S. at 89). She argues that because the complaint does not establish an amount in controversy, Defendant's Notice of Removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. ¶¶ 3-6. She argues that Defendant has failed to meet its burden because the Notice of Removal provides no facts or evidence from which the Court could plausibly infer that the amount in controversy exceeds the jurisdictional threshold, and the Court may not simply rely on its "judicial experience and common sense." Id. ¶ 8.

Defendant argues that under 28 U.S.C. § 1446 and Dart, it is not required to attach evidence to its Notice of Removal to establish the amount-in-controversy; rather, it must simply provide a plausible, good-faith statement that the amount in controversy exceeds the jurisdictional threshold. Resp. at 1-2. Defendant argues that "Plaintiff's refusal to take a position on whether the jurisdictional threshold is satisfied is itself competent proof the amount in controversy exceeds $75,000." Id. at 8. It argues that "Plaintiff has not genuinely 'contested' Defendant's amount-in-

5

controversy allegations—meaning that 28 U.S.C. § 1446(c)(2)(B) is not reached, and Defendant's 'short and plain statement' (based on Plaintiff's Complaint) is determinative of this Court's removal jurisdiction." Id. (citations omitted). It further argues that based on the Complaint's allegations, the causes of action asserted, and the types of damages requested, the jurisdictional threshold is easily exceeded. Id. at 9-15. It argues that the Court should "apply its judicial experience and common sense" when deciding whether the Notice of Removal plausibly alleges that the amount in controversy exceeds $75,000. Id. at 15. If the Court finds that the Notice of Removal does not plausibly allege the jurisdictional threshold is exceeded, Defendant requests limited jurisdictional discovery on the issue. Id. at 16.

In her Reply, Plaintiff argues that Defendant conflates "the theoretical availability of damages under New Mexico law with the requirement to demonstrate that damages in this specific case plausibly exceed $75,000." ECF No. 9 at 1. She argues that "Defendant has not alleged any facts regarding Mr. Crisp's actual income, earning capacity, family circumstances, or the likelihood of punitive damages" but instead "relies on broad generalizations about wrongful death claims and the types of damages available under state law. These categorical assertions fall short of the legal standards governing removal jurisdiction." Id.; see also id. at 6-7. She argues that her refusal to stipulate to a damages amount is not evidence supporting diversity jurisdiction and that she "is entitled to remain silent on the amount-in-controversy issue and to require Defendant to establish that its allegations are both plausible and provable based on the facts in the record." Id. at 2; see also id. at 8-9. She further argues that the Motion to Remand "is itself a direct and explicit contest of Defendant's jurisdictional assertion." Id. at 9. Finally, she argues that the value of the damages sought require a factual predicate which does not exist here. Id. at 10-12.

To begin with, the Court rejects Plaintiff's argument that Defendant was required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in the Notice of Removal.  Dart clearly holds that where, as here, a complaint does not state the amount in controversy, the removal statute only requires a removing defendant to assert a short and plain statement plausibly alleging that the amount in controversy is satisfied.  574 U.S. at 84.  Here, the Notice of Removal alleges that the Complaint's factual allegations and Prayer for Relief suffice to establish the amount in controversy exceeds the jurisdictional threshold.  ECF No. 1 ¶¶ 22-23.  The Court agrees.

"[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018).  "[T]he defendant may rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."  McPhail, 529 F.3d at 955 (internal citation omitted). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged."  Page v. Luxottica Retail N. Am., Inc., No. 2:13–cv–01333–MCE–KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015).

Here, the Complaint alleges that on January 20, 2025, fifty-one-year-old John Paul Crisp told Defendant's employees and agents that he was not feeling well, "was having chest pains and needed some breath."  Compl. ¶¶ 7-8, 15.  "He was then checked out of work by the Defendant and allowed to go and sit in his vehicle."  Id.  Defendant's agents and employees went into the parking lot and saw Mr. Crisp in the driver's seat, with the vehicle on, during their lunch breaks

7

and when they went home that evening, but did not check Mr. Crisp's status to see if they could give him aid.  Id. ¶ 10.  "Mr. Crisp was left in his vehicle by Defendant's agents and employees for twenty-two hours parked next to a medical transportation vehicle.  He was found dead the next morning by Defendant [sic] agents and employees in the parking lot where he had been left the day before."  Id. ¶ 11.  "Defendant knew that Mr. Crisp was in significant physical distress and should have given aid and/or called an ambulance[,]" but instead "went on with business as usual and allowed him to slowly, agonizingly and painfully die on Defendant's premises."  Id. ¶ 14.

Count I asserts a claim for wrongful death under N.M. Stat. Ann. § 41-2-1, et seq., alleging that Mr. Crisp "died as a result of Defendant's negligent and reckless, grossly negligent, and wanton actions[,]" id. ¶ 17, and seeking compensatory and punitive damages "in an amount to be determined at trial[,]" id. ¶¶ 18-19.  Count II asserts a claim for prima facie tort, alleging that "Defendant intentionally failed to act" knowing "that the failure to act would cause harm to" Mr. Crisp, and did cause harm to Mr. Crisp.  Id. ¶¶ 21-23.  The Prayer for Relief seeks "[a]n award of damages for the lost earnings, lost earnings capacity of Mr. . . . Crisp, funeral and burial expenses, pain, suffering, mental anguish, distress, emotional distress, loss of enjoyment of life and death suffered by [Mr.] Crisp in an amount to be determined at trial[,]" punitive damages "as allowed by law[,]" pre- and post-judgment interest, and "any other damages that are just and proper."  Id. at 9.

Based on the Complaint's factual allegations and theories of recovery, the Court can plausibly infer that the amount in controversy exceeds $75,000.  See Salter v. Quality Carriers, Inc., 974 F.3d 959, 965 (9th Cir. 2020) (observing that "the inherent nature of 'plausible allegations'" is that they rely on "reasonable assumptions"); see also Harper v. DG Retail, LLC, Case No. 20-CV-2331, 2021 WL 6199601, at *3 (C.D. Ill. Apr. 12, 2021) ("Given the allegations

in Plaintiff's Complaint of 'serious and permanent personal injuries,' 'great expense for necessary medical care, which will continue in the future,' 'extreme pain and suffering, which will continue in the future,' and 'disab[ility] to an extent as yet to be determined,' together with Plaintiff's (non-binding) prayer for judgment 'in excess of Fifty Thousand Dollars,' Defendant established by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.").

Where, as here, the defendant plausibly alleges that the amount-in-controversy requirement is satisfied, "the plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020) (citing Salter, 974 F.3d at 964). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Id. (internal quotation marks and citation omitted). "A factual attack contests the truth of the allegations themselves." Id. (citation modified). Where the plaintiff mounts a factual attack on the allegations, "[b]oth parties may submit evidence supporting the amount in controversy before the district court rules." Id. (citing Salter, 974 F.3d at 963); see also Dart, 574 U.S. at 88.

Here, Plaintiff's Motion to Remand argues only that Petitioner failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. ECF No. 4 at 2-4. This is a facial, not a factual, attack on the jurisdictional allegations. Salter, 974 F.3d at 964 (holding that the plaintiff asserted a facial, not factual, challenge to the amount-in-controversy allegation where he "did not challenge the rationality, or the factual basis, of [the defendant's] assertions" but instead "argued only that [the defendant] 'must support its assertion with competent proof'"); Gomez v. Old Dominion Freight Line, Case No. 5:23-cv-2212-HDV-SHKx, 2024 WL

9

659489, at *2-3 (C.D. Cal. Feb. 15, 2024) (finding that the plaintiff lodged "a facial, not a factual, attack on jurisdiction" where he argued only "that Defendant offers 'no evidence' in support of a supra-$75,000 amount in controversy but instead relies on 'mere speculation and conjecture'"); Johnson v. Wal-Mart Assocs., Inc., Case No. CV 22-7425-MWF (MRWx), 2023 WL 2713988, at *3 (C.D. Cal. Mar. 30, 2023) (observing that "a motion to remand based solely on a defendant's failure to meet its burden of proof in the NOR would be" a facial challenge).

"In evaluating a facial attack, 'the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'"" Gomez, 2024 WL 659489, at *3 (quoting Salter, 974 F.3d at 964).  Here, the Court finds that the allegations are clearly sufficient as a legal matter to invoke the Court's jurisdiction.  Indeed, "[i]t is difficult to imagine a wrongful death claim for less than $75,000." Jerry Erwin Assocs., Inc. v. Est. of Asher ex rel. Zangara, 290 F. Supp. 3d 1213, 1246 (D.N.M. Nov. 30, 2017).

**IV.     Conclusion**

Therefore, it is **HEREBY ORDERED** that Plaintiff's Motion to Remand Complaint to State Court Because of Lack of Jurisdiction, ECF No. 4, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE