**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SUSAN PATTEN,
personal representative of the
estate of John Paul Crisp, deceased,

Plaintiff,

v. Civ. No. 1:26-cv-00965-MIS-KRS

LINCARE INC., a foreign for-profit corporation,

Defendants.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER is before the Court on LINCARE INC. ("Lincare")'s Motion for Judgment on the Pleadings as to Count II of Plaintiff's Civil Complaint for Damages, ECF No. 14, filed June 15, 2026. Plaintiff Susan Patten, personal representative of the estate of John Paul Crisp, filed a Response on June 26, 2026, ECF No. 19, to which Defendant filed a Reply on July 8, 2026, ECF No. 20. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion and issue judgment on the pleadings as to Count II.

## I. Background[1]

On the morning of January 20, 2025, fifty-one-year-old John Paul Crisp drove to Defendant's premises in Clovis, New Mexico, to report for work. Compl. ¶¶ 4, 6, ECF No. 1-2. By 11 a.m. Mr. Crisp informed Defendant's employees and agents that he was feeling unwell and "was having chest pains and needed some breath." Id. ¶¶ 7-8. "He was then checked out of work by the Defendant and allowed to go and sit in his vehicle." Id.

---

[1] The Court accepts the truth of all well-pleaded factual allegations in Plaintiffs' Complaint and draws all reasonable inferences in Plaintiffs' favor for the purposes of Defendants' Motion.

Throughout the day, Defendants agents and employees "went into the parking lot and saw Mr. Crisp in the driver's seat with the vehicle on," including during their breaks, lunch period, and when they went home that evening. Id. ¶ 10. However, at no point did Defendant's employees or agents "check[] Mr. Crisp's status to see if they could render aid to him." Id.

The next morning, Mr. Crisp was found dead in his vehicle in the parking lot where he had been left the day before. Id. ¶ 11. In total, Mr. Crisp had been left in his vehicle in Defendant's parking lot for twenty-two hours all the while "parked next to a medical transportation vehicle." Id. The Complaint alleges that "Defendant knew that Mr. Crisp was in significant physical distress and should have given aid and/or called an ambulance[,]" but instead "went on with business as usual and allowed him to slowly, agonizingly and painfully die on Defendant's premises." Id. ¶ 14.

**II. Relevant Procedural Background**

On February 24, 2026, Plaintiff Susan Patten, personal representative of decedent John Paul Crisp, filed the operative Complaint in state court against Lincare asserting two counts. Id. at 1. Count I asserts a wrongful death claim under N.M. Stat. Ann. § 41-2-1 (1978) alleging that John Paul Crisp "died as a result of Defendant's negligent and reckless, grossly negligent, and wanton actions" and as such "Mr. Crisp's estate is entitled to recover damages." Id. ¶¶ 17-19. Count II asserts a prima facie tort alleging that Lincare "intentionally failed to act" despite knowing "with certainty that the failure to act would cause harm to John Paul Crisp" and said failure to act did cause harm to Mr. Crisp. Id. ¶¶ 21-23.

On March 30, 2026, Defendant filed a Notice of Removal, invoking this Court's diversity jurisdiction. ECF No. 1 ¶¶ 10-14. On April 8, 2026, Plaintiff filed a Motion to Remand, ECF No.

4, which this Court denied on May 28, 2026. See Order Denying Pl.'s Mot. to Remand, ECF No. 12.

On June 15, 2026, Defendant filed the instant Motion for Judgment on the Pleadings as to Count II. ECF No. 14. Plaintiff filed a Response, ECF No. 19, to which Defendant filed a Reply, ECF No. 20.

## III. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Cred. Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992)). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court takes all well-pleaded facts as true and draws all reasonable inferences in the light most favorable to the non-moving party. Doe v. Woodard, 912 F.3d 1278, 1285 (10th Cir. 2019). The factual allegations "must be enough to raise a right to relief above the speculative level." Christy Sports, LLC v. Deer Valley Resort Co., Ltd., 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted); see also Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.").

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action" because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted). Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

**IV. Discussion**

Defendant argues that with respect to Count II, the Complaint "fail[s] to plausibly allege that Lincare committed an intentional act or that Lincare's alleged intentional act (if there was one) caused Mr. Crisp's death." Mot. at 7. More specifically, Defendant argues the facts provided do not support a claim that Lincare acted "maliciously" or "intended to injure Mr. Crisp" and therefore there is no suggestion Lincare's employees "intended to commit a wrongful act toward Mr. Crisp that they knew was wrong." Id. Further, even if Defendant's employees were aware of or observed Mr. Crisp not feeling well, Defendant argues such conduct may be "insensitive" behavior but "carrying on with one's daily responsibilities does not amount, as a matter of law, to an intent to injure that co-worker." Id. at 9-10. Moreover, Defendant argues that Plaintiff's allegations do not plausibly allege that the conduct of Defendant or its agents caused Mr. Crisp's death; rather, the Complaint suggests he died of underlying health conditions and Defendant's agents failed to render aid. Id. at 11. Additionally, and alternatively, Defendant argues that Plaintiff's Count II prima facie tort also fails because the "facts alleged in support of the alleged tort are duplicative and identical to the same facts relied on" in support of Plaintiff's Wrongful death claim. Id.

Plaintiff argues that Defendant is incorrect when they claim the only intentional acts Lincare's agents engaged in were instructing Mr. Crisp to clock out and allowing him to rest in his car; rather, Plaintiff argues that the Complaint alleges a "course of deliberate conduct" in which "Lincare's employees removed an ailing man from the building; placed him in his vehicle; observed him, repeatedly and over many hours, sitting motionless in the driver's seat of a running car; and, on each occasion, made the deliberate choice to walk past him and to withhold aid." Resp. at 6. Further, Plaintiff argues that intent to injure is a question of fact that is not to be resolved in a judgement on the pleadings motion and contends that the line of cases Defendant relies on for the proposition that mere awareness does not equate to specific intent are unpersuasive because those cases involved "developed factual records" and motions at later stages of litigation. Id. at 6-7. Additionally, Plaintiff argues that Count II is not barred by the Count I Wrongful Death claim because (1) "the election among a traditional tort and prima facie tort need not be made until the close of the evidence," and (2) "the two counts rest on fundamentally different theories and states of mind" with Count I alleging negligent conduct and Count II alleging intentional, malicious conduct. Id. at 9-10.

In its Reply, Defendant Lincare argues that Plaintiff "substantially embellishes the language of the actual complaint" and relies on inferences to make up for a lack of factual basis. Reply at 2. Further, Defendant argues that the Complaint provides "no factual basis to support the inference Mr. Crisp was in noticeable distress" while seated in his vehicle or that Lincare employee's observed Mr. Crisp in noticeable distress after he clocked out. Id. at 2-3. Further Defendant argues that there remains an issue of establishing its employees had a specific intent to harm Mr. Crisp with inaction. Id. at 5. Moreover, Lincare argues that Plaintiff may not premise a prima facie tort claim on Defendant's failure to render aid to a person in distress because

substantive law does not impose such a duty absent the existence of a special relationship Id. at 6-7. Lastly, Defendant contends that Plaintiff's assertion the two counts rest on different states of mind is insufficient to justify the alternative pleading because Count II "relies on the same facts alleged to support Count I[.]" Id. at 8.

To constitute a prima facie tort, under New Mexico law, "Plaintiffs must allege: 1) an intentional and lawful act; 2) an intent to injure the plaintiff; 3) injury to the plaintiff as a result of the intentional act; and 4) the absence of justification for the injurious act." Border Area Mental Health, Inc. v. United Behav. Health, Inc., 331 F. Supp. 3d 1308, 1318 (D.N.M. 2018) (citing Kitchell v. Public Serv. Co. of New Mexico, 972 P.2d 344, 348 (1998)). The New Mexico Supreme Court has also noted that "[t]he terms malice and intent to injure have been used synonymously within our jurisprudence on prima facie tort." Lexington Ins. Co. v. Rummel, 945 P.2d 992, 995 (N.M. Sup. Ct. 1997).

Here, even when viewed in the light most favorable to Plaintiff, Count II fails to plausibly allege that Defendant's conduct was malicious or intended to cause Mr. Crisp harm.[2] For example, Plaintiff asserts that Mr. Crisp arrived at Defendant's premises for work around 7 a.m. on January 20, 2025, and informed Defendant's employees and agents that morning that "he was not feeling well; was experiencing chest pains, and needed some breath." Compl. ¶¶ 6-8. Defendant's employees, according to Plaintiff, then "told and allowed [Mr. Crisp] to go to the parking lot and rest[,]" at which point he was "checked out of work by the Defendant" and allowed to go and sit in his vehicle in the parking lot. Id. ¶ 8. Collectively those facts, even when drawing reasonable inferences in favor of Plaintiff, only establish that Defendants employees or agents were aware

[2] Because the Court finds that Plaintiff's pleadings are deficient with respect to Count II, the Court does not address whether the Count II claim would otherwise be barred for being duplicative of the Count I Wrongful Death claim.

Mr. Crisp felt unwell, gave him permission to clock out of work, and then saw him in his parked vehicle throughout the day thereafter. The facts alleged do not, however, provide any suggestion that said employees wished Mr. Crisp harm or bore any malice toward him, nor do they establish even what level of awareness employees had as to the severity of Mr. Crisp's illness/injuries. Therefore, the Court cannot infer that Defendant's employees intended to inflict harm on Mr. Crisp from the facts alleged in the Complaint.

Similarly, elsewhere in the Complaint Plaintiff further alleges that (1) "Defendant knew or should have known of Mr. Crisp's precarious health conditions"; (2) "Defendant's agents and employees went into the parking lot and saw Mr. Crisp in the driver's seat with the vehicle on during their break(s), lunch period and when they went home … without checking Mr. Crisp's status to see if they could render aid to him[]"; and (3) "Mr. Crisp was left in his vehicle by Defendant's agents and employees for twenty two hours … [and] was found dead the next morning by Defendant agents and employees in the parking lot where he had been left the day before." Id. ¶¶ 9-11. Even taken as true, these allegations once again encounter a problem in that they do not establish Defendant's employees were aware of the severity of Mr. Crisp's condition such that the Court can infer intent to harm. Moreover, these facts a do not establish to what extent—if any—the action or inaction of Defendant's employees caused Mr. Crisp harm as it is not mentioned in the Complaint (1) how Mr. Crisp died or (2) whether intervention from Defendant's employees would have had any impact on the harm Mr. Crisp suffered.

Therefore, the Court finds that Defendant Lincare is entitled to judgment as to Count II because Plaintiff has failed to plead facts that allow the Court to infer Defendant's employees or agents possessed the requisite malice or intent necessary for a prima facie claim.

## V. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant Lincare's Motion for Judgment on the Pleadings, ECF No. 14, is **GRANTED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE